UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ROBERT BRASSNER,<br><br>                                  Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>                                  Defendant. | Case No.: 17cv00661 JAH-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND VACATING THE ALJ'S DECISION AND REMANDING FOR FURTHER PROCEEDINGS [Doc. Nos. 16, 17]** |

## INTRODUCTION

Plaintiff seeks review of the Social Security Commissioner's final decision denying benefits. After a thorough review of the parties' submissions and for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment, and REMANDS the matter for further proceedings.

## BACKGROUND

Plaintiff was born on April 28, 1962, and is currently 57 years of age. AR[1] at 217, 224. He alleges he has been unable to work since June 13, 2013, as a result of a disabling

---

[1] AR refers to the administrative record.

condition. Id. He filed an application for disability insurance benefits and supplemental security income benefits on September 24, 2015. Id. The Commissioner of the Social Security Administration denied the claim on January 21, 2016, and denied the claim again upon reconsideration. Id. at 117, 118, 143, 144. Plaintiff requested a hearing, and appeared and testified at the hearing on September 19, 2016. Id. at 159, 73. The ALJ issued an unfavorable decision on October 20, 2016. Id. at 55. Plaintiff filed a request for review of the ALJ's decision and the Appeals Council denied the request. Id. at 33, 1-7.

Plaintiff, appearing through counsel, filed the complaint seeking review of the Commissioner's final decision denying benefits on March 31, 2017. See Doc. No. 1. Defendant filed an answer and the administrative record on August 14, 2017. See Doc. Nos. 13, 14.

Thereafter, Plaintiff filed the pending motion for summary judgment and Defendant filed an opposition and cross-motion for summary judgment. See Doc. Nos. 16, 17.

## DISCUSSION

### I. Legal Standards

#### A. Qualifying for Disability Benefits

To qualify for disability benefits under the Act, an applicant must show that: (1) he suffers from a medically determinable impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and (2) the impairment renders the applicant incapable of performing the work that he previously performed or any other substantially gainful employment that exists in the national economy. See 42 U.S.C. § 423(d)(1)(A), 2(A). An applicant must meet both requirements to be "disabled." Id.

The Secretary of the Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision maker proceeds to step two, which determines

2

17cv00661 JAH-BLM

whether the claimant has a medically severe impairment or combination of impairments. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the impairment is severe, the evaluation proceeds to the third step, which determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d); 20 C.F.R. Part 404 Appendix 1 to Subpart P. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If a condition "falls short of the [listing] criterion" a multiple factor analysis is appropriate. Celaya v. Halter, 332 F.3d 1177, 1181 (9th Cir. 2003). Of such analysis, "the Secretary shall consider the combined effect of all the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." Id. at 1182 (quoting 42 U.S.C. § 423(d)(2)(B)). If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he has performed in the past. If the claimant cannot perform his previous work, the fifth and final step of the process determines whether he is able to perform other work in the national economy considering his age, education, and work experience. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**B. Judicial Review of an ALJ's Decision**

Section 405(g) of the Act allows unsuccessful applicants to seek judicial review of a final agency decision of the Commissioner. 42 U.S.C. § 405(g). The scope of judicial review is limited. The Commissioner's denial of benefits "will be disturbed only if it is not supported by substantial evidence or is based on legal error." Brawner v. Secretary of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1988) (citing Green v. Heckler, 803 F.2d 528, 529 (9th Cir. 1986)).

Substantial evidence means "more than a mere scintilla" but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

"[I]t is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusions. Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) (citing Allen v. Secretary of Health and Human Servs., 726 F.2d 1470, 1473 (9th Cir. 1984). When the evidence is inconclusive, "questions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

However, even if the reviewing court finds that substantial evidence supports the ALJ's conclusions, the Court must set aside the decision if the ALJ failed to apply the proper legal standards in weighing the evidence and reaching a decision. See Benitez v. Califano, 573 F.2d 653, 655 (9th Cir. 1978). Section 405(g) permits a court to enter a judgment affirming, modifying, or reversing the Commissioner's decision. 42 U.S.C. § 405(g). The reviewing court may also remand the matter to the Social Security Administrator for further proceedings. Id. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (quoting Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981)).

**II. The ALJ's Decision**

In the present case, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 13, 2013, and had severe impairments, including explosive disorder, anxiety disorder, and depressive disorder, that cause more than minimal limitations on Plaintiff's ability to perform basic work activities. AR at 60. The ALJ also found Plaintiff's heart complications and Bell's palsy non-severe but considered all impairments, severe and non-severe, in determining his residual functional capacity. Id. at 61. The ALJ

4

17cv00661 JAH-BLM

determined Plaintiff does not have an impairment or combination of impairments that meet or are medically equal in severity to one of the listed impairments in 20 CFR Part 404 Subpart P, Appendix 1. Id. In making this determination, the ALJ found Plaintiff has mild restrictions in daily living, marked difficulties in social functioning and no difficulties in concentration, persistence or pace. Id. at 62. Additionally, the ALJ found Plaintiff had no episodes of decompensation of extended duration. Id. The ALJ also found Plaintiff does not have medically documented evidence that shows he has a complete inability to function independently outside the area of his home. Id.

The ALJ found Plaintiff has the residual functional capacity to perform a full range of work at all exertional levels but with non-exertional limitations that include: no interaction with the public, no work on unprotected heights or dangerous machinery and he is limited to work in a non-public setting. Id. at 63.

The ALJ also found the evidence did not support Plaintiff's allegations concerning the intensity, persistence and limiting effects of his symptoms. Id. at 64. The ALJ gave significant weight to the opinion of Ryan Greytak, MD who provided a psychiatric consultative evaluation. Id. at 64-65. The ALJ gave little weight to the state agency consultants who opined Plaintiff's mental impairments were non-severe, and explained that the records support a finding his mental impairments were severe, and gave little weight to the statement by Plaintiff's roommate finding it was not fully consistent with the evidence. Id. at 65.

The ALJ determined Plaintiff was unable to perform any past relevant work but he could perform jobs that exist in significant numbers in the national economy. Id. at 66-67. Ultimately, the ALJ concluded Plaintiff had not been under a disability as defined by the Act from the date of his application. Id. at 68.

**III. Analysis**

Plaintiff argues the ALJ failed to articulate specific and legitimate reasons for rejecting his testimony. He contends the ALJ summarized the medical evidence, the third party statement and Plaintiff's testimony but failed to provide sufficient rational as to why

the evidence was inconsistent. Additionally, Plaintiff contends the ALJ improperly relied on evidence of activities that do not contradict Plaintiff's testimony or fail to meet a threshold of having application in a work setting, and failed to point to any specific activity of daily living that Plaintiff could do. Citing Schall v. Apfel, 134 F.3d 496, 502 (2nd Cir. 1998), Plaintiff also argues a good work history is probative of credibility. He contends the ALJ's analysis lacked any true consideration of his work history.

Plaintiff argues the ALJ failed to articulate legally sufficient reasons for rejecting his testimony, and, therefore, the Court should deem that testimony as true and make a finding of disability.

Defendant argues the ALJ articulated specific reasons supported by substantial evidence for finding Plaintiff's allegations of disabling symptoms and functional limitations not credible. Defendant contends the ALJ noted that Plaintiff's allegations of debilitating symptoms and limitations were not well supported by the medical evidence of record, and Plaintiff's mental status examinations were generally normal and unremarkable. Defendant further contends the ALJ permissibly considered Plaintiff's treatment history which demonstrated Plaintiff carried a diagnosis of anxiety/depression for at least 15 years, but his medical records revealed only intermittent treatment for mental health impairments. Defendant also maintains the ALJ reasonably considered Plaintiff's daily activities in finding that they were inconsistent with the severity of the symptoms he alleged. Additionally, Defendant maintains the ALJ validly considered inconsistency between Plaintiff's statements and the objective medical evidence, and Plaintiff does not challenge any of the ALJ's findings with respect to this factor.

Defendant agrees a claimant's work history is a factor the ALJ may consider in credibility finding but argues Plaintiff mischaracterizes the law by citing to a non-binding Second Circuit case to argue that a good work history is probative of credibility. Defendant contends a prior work record is merely one of the various factors the ALJ may consider in credibility determination, but it is not a determinative factor.

The ALJ's credibility finding must be properly supported by the record and sufficiently specific to assure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective testimony. Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (citing Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991)). An ALJ may consider a claimant's "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains. Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997). "While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). Unless an ALJ makes a finding of malingering based on confirming evidence, the ALJ may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each. Id. at 883.

In the written decision, the ALJ finds Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but also finds Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms not entirely consistent with the medical evidence and other evidence of record "for the reasons explained in [the] decision." AR at 64. The ALJ then discusses the opinion of Dr. Greytak, the state agency consultant physician opinions, information provided by Plaintiff's roommate and Plaintiff's testimony. Thereafter, the ALJ explains Plaintiff fails to show "a consistent restriction on his activities of daily living which corresponds to the alleged severity of his impairments." AR at 66. The ALJ also explains the medical evidence demonstrates Plaintiff is able to do a number of daily living activities and had "several jobs in the past where he earned at substantial gainful activity levels." Id.

The ALJ fails to identify the specific testimony found not credible and further fails to point to the specific evidence which undermines the testimony. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted). Defendant's argument suggests the

Court may infer the reasons for the credibility finding from the ALJ's discussion of the opinion testimony and other evidence discussed in the decision. However, the Court is not permitted to speculate as to reasons for the ALJ's findings. See Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014). As presented, the Court is unable to conduct a meaningful review of the credibility finding.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds the ALJ's denial of benefits was not free of legal error. While Plaintiff requests the Court reverse the ALJ's decision and award benefits, the Court finds remand is appropriate. See Brown-Hunter v. Colvin, 806 F.3d 487, 495 (9th Cir. 2015).

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for summary judgment is GRANTED;
2. Defendant's cross-motion for summary judgment is DENIED;
3. The matter is REMANDED for further proceedings.

DATED: March 14, 2019

_____
JOHN A. HOUSTON
United States District Judge